F. E. Johnson, of Cleburne, D. W. Odell, of Ft. Worth, and S. C. Padelford, of, Cleburne, for appellant. E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. On a former day of the term an opinion was written herein disposing of the case. Upon motion for rehearing it is called to our attention for the first time, and which was not done before the former opinion was written, that sentence had not been passed upon defendant. Under our statute this court would not have jurisdiction in this character of case until after the final judgment or sentence had been pronounced.

An opinion rendered where jurisdiction has not attached would not be authorized, and it will therefore be withdrawn, and the case will stand for disposition upon appeal, if one should be taken, after sentence has been pronounced. The appeal, as the record now stands, will be dismissed for want of final sentence.

MORROW, J., not sitting.

RAMOS v. STATE. (No. 5053.)

(Court of Criminal Appeals of Texas. May 29, 1918.)

CRIMINAL LAW ☞1159(3) — REVIEW — FINDING ON CONFLICTING EVIDENCE.

The denial by defendant, charged with a violation of the local option law, of the testimony of the state's witness that he bought a quart and one-half or a quart and a pint of whisky from defendant and paid him $2.75 for it, formed an issue of fact for the jury's solution, which the Court of Criminal Appeals is not justified in reversing.

Appeal from Nacogdoches County Court; J. F. Perritte, Judge.

Didie Ramos was convicted of violating the local option law, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of violating the local option law; his punishment being assessed at a fine of $62.50 and 20 days' imprisonment in the county jail.

There are no legal questions presented for revision. It is contended, however, that the evidence is not sufficient. The state's testimony shows a sale by the defendant to the alleged purchaser Collins. Collins testified that he bought a quart and a half or a quart and a pint of whisky from appellant and paid him $2.75 for it. Appellant denies the transaction. This formed an issue of fact for solution by the jury. Under this condition of the record we would not feel justified in reversing the case.

The judgment therefore will be affirmed.